**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CARLA JO SUSKIE,** | : | **No. 3:15cv573** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | **(Magistrate Judge Cohn)** |
| **CAROLYN W. COLVIN,** | : | |
| **Commissioner of the Social Security** | : | |
| **Administration,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is Magistrate Judge Gerald B. Cohn's

report and recommendation (hereinafter "R&R").  (Doc. 15).  The R&R

proposes denying Plaintiff Carla Jo Suskie's (hereinafter "plaintiff" or

"claimant") appeal of Defendant Social Security Administration's

(hereinafter "SSA") decision denying her application for disability insurance

benefits.[1]  Plaintiff filed objections to the R&R (Doc. 16), and they are ripe

for disposition.

---

[1]  Disability insurance benefits are paid to an individual if that individual is disabled and "insured," that is, the individual has worked long enough and paid social security taxes.  42 U.S.C. §§ 415(a) and 416(i)(1).  The last date that a claimant meets the requirements of being insured is commonly referred to as the "date last insured."  See 42 U.S.C. § 416(i)(2).  Here, the record establishes that plaintiff's date last insured is December 31, 2015. (Doc. 10, Admin. Record at 14).

**Background**

On February 17, 2012, plaintiff filed an application for disability insurance benefits due to multiple sclerosis (hereinafter "MS"). (Doc. 10, Admin. Record (hereinafter "R.") at 14). In her application, plaintiff alleges that her disability began on December 15, 2011. (R. at 37-38). On April 16, 2012, the SSA denied plaintiff's application. (R. at 12). Plaintiff then filed a request for a hearing before an administrative law judge (hereinafter "ALJ"). (Id.)

The ALJ held a hearing on August 1, 2013. (R. at 33-68). At the hearing, plaintiff testified that she was born January 2, 1964, has a high school education, and worked as an assembler until losing her job in August 2010. (R. at 35, 61-62). After losing her job, plaintiff began receiving unemployment benefits. (R. at 36-37). She terminated her unemployment benefits on December 15, 2011, claiming she could no longer look for work due to various medical conditions arising out of her MS. (R. at 37-38).

Plaintiff testified that she endures fatigue, feet numbness, knee stiffness, and back pain every day as a result of her MS. (R. at 57). She also testified that she experiences sleep loss, headaches and migraine

headaches, dizziness, neck and rib pain, anxiety, and difficulty concentrating and remembering.  (R. at 38, 42-43, 45-48, 50 & 52-54).[2]

In a decision issued on September 27, 2013, the ALJ denied plaintiff's claim, finding that she was not disabled.  (R. at 12-26).  Plaintiff requested that the SSA Appeals Council review the ALJ's decision.  (R. at 6-7).  The Appeals Council denied plaintiff's request on January 21, 2015.  (R. at 1-3).  Thus, the ALJ's decision stood as the Commissioner's final decision.[3]

As a result of the Commissioner's denial of disability insurance benefits, plaintiff filed an appeal to this court on March 20, 2015.[4]  The Clerk of Court assigned plaintiff's appeal to Magistrate Judge Gerald B.

---

[2]  Plaintiff also suffers from, and has been treated for, rosacea.  (See, e.g., R. at 37-38).  This includes ocular rosacea, which sometimes blurs plaintiff's vision.  (R. at 51-52).  Plaintiff does not appear to claim, however, that her rosacea is disabling.  (See R. at 312 ("[Claimant] clarified that the ocular rosacea flares up about once a month, but it is mostly on her face and this is not disabling to her.").

[3]  The Appeals Council may deny a party's request for review or it may decide to review a case and make a decision. The Appeals Council's decision, or the ALJ's decision if the request for review is denied, is binding unless a claimant files an action in federal district court within sixty (60) days after receiving notice of the Appeals Council's action.  20 C.F.R. § 404.981.

[4]  Under the Local Rules of Court, "[a] civil action brought to review a decision of the Social Security Administration denying a claim for social security disability benefits" is "adjudicated as an appeal."  L.R. 83.40.1.

Cohn, and on June 14, 2016, Magistrate Judge Cohn recommended that we deny plaintiff's appeal.  (Doc. 15).  Plaintiff filed timely objections to the R&R (Doc. 16), and they are now ripe for disposition.[5]

## Jurisdiction

The court has federal question jurisdiction over this Social Security Administration appeal.  See 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."); see also 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.  Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . . .").

---

[5]  We note that the defendant has waived the opportunity to respond to plaintiff's objections.  (Doc. 17).

4

**Standard of Review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report against which objections are made.  28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).  The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987).  The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.  Id.

In reviewing a Social Security appeal, the court must determine whether "substantial evidence" supports the ALJ's decision.  See, 42 U.S.C. § 405(g); Hagans v. Comm'r of Soc. Sec., 694 F.3d 287, 292 (3d Cir. 2012); Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999).  The United States Supreme Court has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966). The Third Circuit Court of Appeals has explained that "substantial evidence has been defined as 'more than a mere scintilla'; it means 'such relevant

evidence as a reasonable mind might accept as adequate.'" <u>Hagans</u>, 694 F.3d at 292 (quoting <u>Plummer</u>, 186 F.3d at 427).

The court should not reverse the Commissioner's findings merely because evidence may exist to support the opposite conclusion.  <u>See</u> 42 U.S.C. § 405(g); <u>Rutherford v. Barnhart</u>, 399 F.3d 546, 552 (3d Cir. 2005) (stating that courts may not weigh the evidence or substitute its own conclusion for those of the fact-finder); <u>Fargnoli v. Massanari</u>, 247 F.3d 34, 38 (3d Cir. 2001) (indicating that when the ALJ's findings of fact are supported by substantial evidence, courts are bound by those findings, even if they would have decided the factual inquiry differently).  In an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." <u>Consolo</u>, 383 U.S. at 620.

Substantial evidence exists only "in relationship to all the other evidence in the record," <u>Cotter v. Harris</u>, 642 F.2d 700, 706 (3d Cir. 1981) and "must take into account whatever in the record fairly detracts from its weight."  <u>Universal Camera Corp. v. N.L.R.B.</u>, 340 U.S. 474, 488 (1971). "When a conflict in the evidence exists, the ALJ may choose whom to credit

but 'cannot reject evidence for no reason or for the wrong reason.'"

Plummer, 186 F.3d at 429 (quoting Mason v. Shalala, 994 F.2d 1058, 1066 (3d Cir. 1993)).  The Commissioner must indicate which evidence was accepted, which evidence was rejected, and the reasons for rejecting certain evidence.  Johnson v. Comm'r of Soc. Sec., 529 F.3d 198, 204 (3d Cir. 2008).  Therefore, a court reviewing the decision of the Commissioner must scrutinize the record as a whole.  Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981).

## Discussion

To receive disability benefits, the plaintiff must demonstrate an "inability to engage in any **substantial gainful activity** by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A) (emphasis added).  An individual is incapable of engaging in "substantial gainful activity" when "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]"  42 U.S.C. § 423(d)(2)(A).

The Commissioner evaluates disability insurance claims with a five-step sequential analysis.  20 C.F.R. §§ 404.1520(a)(4).  This analysis requires the Commissioner to consider, in sequence, whether a claimant (1) is engaging in substantial gainful activity; (2) has an impairment, or combination of impairments, that is severe; (3) has an impairment or combination of impairments that meets or equals the requirements of a "listed impairment";[6] (4) has the "residual functional capacity" to return to his or her past work; and (5) if not, whether he or she can perform other work in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(I)-(v).

In applying the five-step sequential analysis in the instant case, the ALJ found at Step 1 that plaintiff had not engaged in substantial gainful activity since December 15, 2011.  (R. at 14).  At Step 2, she found that plaintiff has the following severe impairments: MS, migraine headaches,

---

[6]  A "listed impairment" is one that appears on the Commissioner's Listing of Impairments, which is "a list of impairments presumed severe enough to preclude any gainful work."  Sullivan v. Zebley, 493 U.S. 521, 525 (1990); see 20 C.F.R. § Pt. 404, Subpt. P, App. 1 (stating the listing of impairments).  If the claimant has an impairment, or combination of impairments, that meets or equals a listed impairment, the claimant is disabled.  If the claimant does not have an impairment or combination of impairments that meets or equals a listed impairment, the sequential evaluation process proceeds to the next step.

and degenerative disc disease of the cervical spine.[7]  (Id.)  At Step 3, the

ALJ found that plaintiff does not have an impairment or combination of

impairments that meets or medically equals the severity of one of the listed

impairments.  (R. at 17-19).

     The ALJ next determined that plaintiff has the residual functional

capacity (hereinafter "RFC") to:

> Perform sedentary work . . . with the following additional
> restrictions: occasional operation of foot controls,
> crouching, stooping, balancing, and climbing stairs or
> ramps; no climbing ladders, ropes, or scaffolding; avoid
> even moderate exposure to dust, fumes, odors, gases,
> and chemicals, hot and cold temperature extremes, and
> loud or very loud noises; no exposure whatsoever to
> moving mechanical parts or unprotected heights; limited
> to occupations with no GED value greater than three and
> involving short-cycle tasks; occasional decision-making;
> occasional work-setting changes; and no production-rate
> or pace work.

(R. at 19).  The ALJ then proceeded to Step 4 of the sequential evaluation

and received testimony from an impartial vocational expert (hereinafter

"VE").

     The VE testified that plaintiff could no longer work as an assembler.

(R. at 64-65).  Based on this testimony and a finding that the non-exertional

demands of plaintiff's past work exceed the RFC, which specifically

---

[7] The ALJ determined that plaintiff's history of rosacea, including ocular
rosacea, elevated cholesterol, and anxiety disorder were either not
medically determinable, or medically determinable but not severe.  (R at
14-17).

precludes production-rate pace work, the ALJ found at Step 4 that plaintiff is unable to perform any past relevant work.  (R. at 24).

Finally, at Step 5, the ALJ determined that plaintiff could still perform other work that exists in significant numbers in the national economy.  (R. at 25-26).  Specifically, the ALJ found that plaintiff could work as a quality control worker, a grading and sorting worker, or an order clerk.  (R. at 65-66).  Because the ALJ concluded that plaintiff is capable of making a successful adjustment to other work, she determined that plaintiff is not disabled.  (R. at 25-26).

Plaintiff's appeal was assigned to Magistrate Judge Gerald B. Cohn for a report and recommendation.  Magistrate Judge Cohn recommends denying plaintiff's appeal and upholding the defendant's decision denying plaintiff's disability benefits claim.  (Doc. 15).  Plaintiff filed objections to the R&R (Doc. 16), and they are ripe for disposition.

Plaintiff's objections raise the following two issues: (1) the Magistrate Judge erred in determining that plaintiff failed to meet Listing 11.09(C); and (2) the Magistrate Judge erred in finding that substantial evidence supports the ALJ's RFC assessment.  We first address plaintiff's second objection, as it is dispositive.

**I. The ALJ's RFC assessment**

Plaintiff avers that the Magistrate Judge erred in finding that substantial evidence supports the ALJ's RFC assessment.  Specifically, plaintiff argues that because the record contains only one non-examining medical opinion, the ALJ should have required plaintiff to undergo additional consultative examinations regarding her RFC.  After a careful review, we agree with plaintiff.

It is well-established that "[t]he ALJ-not treating or examining physicians or State agency consultants-must make the ultimate disability and RFC determinations."  Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 362 (3d Cir. 2011) (citing 20 C.F.R. §§ 404.1527(e)(1), 404.1546(c)).  As part of these determinations, "[a]n ALJ must explain the weight given to physician opinions and the degree to which a claimant's testimony is credited."  Id. at 362 (citing 20 C.F.R. § 404.1527(f)(2)(ii)); Rutherford v. Barnhart, 399 F.3d 546, 557 (3d Cir. 2005)).

If the evidence is insufficient for the ALJ to determine whether a claimant is disabled, or if the ALJ cannot reach a conclusion after weighing the evidence, the ALJ may "determine the best way to resolve the inconsistency or insufficiency."  20 C.F.R. § 404.1520b(c).  The latter includes recontacting a claimant's physician, psychologist, or other medical

source, requesting additional existing records, asking the claimant to undergo a consultative examination, and asking the claimant or others for more information.  Id.

In the Third Circuit, the amount of deference a reviewing court should afford to an ALJ's decisions regarding the development of an adequate factual record in the Social Security context, *e.g.*, whether to "recontact" any medical provider because the present record is "inadequate," is an open question.  Compare Johnson v. Comm'r of Soc. Sec., 529 F.3d 198, 204-05 (3d Cir. 2008) (noting the "important prerequisite" that "recontact will proceed if 'the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled,'" but not opining on the question of deference) and Masbeth v. Comm'r of Soc. Sec., No. 066076, 2008 WL 2637415, at *8 (D.N.J. June 27, 2008) ("[B]ecause the ALJ did not find the reports . . . to be inadequate to make a determination,  . . . the ALJ was not required to recontact these physicians under 20 C.F.R. §§ 404.1512(e).") with Gray v. Astrue, 2:10-CV-507, 2012 WL 1521259, at *3-4 (E.D. Pa. May 1, 2012) (stating that affording the ALJ discretion to determine whether the evidence is adequate "would entail endorsing the abdication of judicial review over

an ALJ's factual development process").  Ultimately, the question turns on whether substantial evidence supports the ALJ's finding.

Here, Reynaldo Torio, M.D. issued a consultative medical opinion regarding plaintiff's RFC.  (R. 70-74).  Dr. Torio opined that plaintiff retained the capacity to perform the full range of medium exertional activity on a sustained basis.  (R. at 69-75).  The ALJ gave this opinion "some weight," to the extent that it suggests plaintiff's capacity to sustain gainful employment.  (R. at 24).  Much of the ALJ's RCF assessment, however, turned on plaintiff's credibility.  Specifically, while the ALJ found that plaintiff's medically determinable impairments could reasonably be expected to cause her MS-related symptoms, she also found plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms "not entirely credible."  (R. at 20).  Consequently, the ALJ concluded that plaintiff retained a significantly greater degree of exertional and non-exertional ability than plaintiff's testimony would have suggested.  (Id.)

Additionally, as noted by Magistrate Judge Cohn, plaintiff's "treating doctor had an opportunity to complete an RFC opinion and chose not to …."  (R&R at 24 (citing R. 336-37)).  He found, therefore, that "it is reasonable for an ALJ to conclude that further attempts to solicit an opinion

from the treating physician would be in vain and the ALJ's duty to develop is met."  (Id. at 24-25).  We find, however, that the ALJ could and should have done more.

"Social Security proceedings are inquisitorial rather than adversarial[,]" and "[i]t is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits."  Sims v. Apfel, 530 U.S. 103, 110-11 (2000) (citing Richardson v. Perales, 402 U.S. 389, 400-01 (1971)).  Here, the ALJ notes that "the record does [not] contain any opinions from examining or non-examining physicians indicating that the claimant is disabled or even has limitations greater than those found in this decision."  (R. at 23-24).  While this statement may be true, the record simply does not contain a great amount of medical opinion from either examining or treating sources.  The ALJ appears to utilize this lack of evidence to support her decision.  Rather than support the decision, however, we find that this lack of evidence illustrates the need to supplement the record.  Given the lack of opinion evidence, we find that the ALJ should have required plaintiff to undergo consultative neurological and mental health evaluations as to her RFC.  Such evaluations may have produced the substantial evidence needed to properly determine plaintiff's

RFC and, because such evidence is currently lacking, we must reverse and remand the ALJ's decision

**Conclusion**

For the above-stated reasons, we find that substantial evidence does not support the ALJ's RFC assessment and ultimate decision denying plaintiff's application for disability insurance benefits.  Thus, we will sustain plaintiff's objection challenging the ALJ's RFC assessment, not adopt the R&R, vacate the Commissioner of Social Security's decision, and remand for a consultative examination of plaintiff.[8]  An appropriate order follows.

**Date: October 4, 2016**          **s/ James M. Munley**
                                   **JUDGE JAMES M. MUNLEY**
                                   **United States District Court**

---

[8]  Plaintiff also objects to the ALJ's conclusion that she failed to meet Listing 11.09(C).  Because an additional consultative examination of plaintiff may affect whether she meets this listing, we will not address her first objection in any detail.

15